[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (Pleading #120)
The three defendants, Z-Loda Systems Engineering, Inc., Guenther Kuehl, and Sylvia N. Kuehl have moved to strike the third, fourth, and fifth counts of the complaint brought by the three plaintiffs, D.A.M. Machine Tool Corp., Dieter A. Miller, and Mariell Miller. The defendants claim the causes of action set forth in the third, fourth, and fifth counts, are improperly joined with the causes of action set forth in the other counts. They claim the plaintiffs do not have standing to bring the claims presented in the third and fourth counts. They claim the fifth count does not state a cause of action.
I have concluded that the third and fourth counts are improperly joined and that the fifth count, while properly joined, does not sufficiently allege a cause of action. Accordingly, I have granted the motion to strike as to the second, third, and fifth counts.
A brief synopsis of the complaint is as follows: In the first count, the plaintiff D.A.M. Machine Tool Corp. seeks damages from defendant Z-Loda Systems Engineering, Inc., for goods sold on account. In the second count, plaintiff D.A.M. seeks damages from Z-Loda on an unjust enrichment theory for goods and materials supplied. In the third count, plaintiff Dieter A. Miller seeks an accounting for a partnership known as M. S. Realty. In the fourth count, plaintiffs Dieter A. Miller and Mariell Miller seek to compel defendant Guenther Kuehl to return money to M. S. Land Corp., which is an entity distinct from M S Realty. In the fifth count, the plaintiffs claim Guenther Kuehl is personally liable for the obligations incurred by Z-Loda Systems Engineering, Inc. In the sixth count, the plaintiffs claim Guenther Kuehl and Z-Loda have violated the Connecticut Unfair Trade Practices Act. Gen. Stat. 42-110b et seq.
The first issue is whether plaintiffs have improperly joined causes of action. The rules for joining causes of action are set forth in Practice Book 133 thru 136. Causes of action can be joined if they fall within one of the single catagories set forth in 133. Also, claims in contract or tort can be joined when arising out of the same transaction or transactions connected with the same subject of action. Except for foreclosure actions, the causes of action so united shall affect all parties to the action.
The plaintiffs have improperly joined causes of action in violation of Rule 133. The third and fourth counts set forth claims which are not in the same catagory as the claims in the first, second, fifth and sixth counts. The third and fourth counts do not arise out of the same transaction which is the CT Page 98 subject of the other counts. All plaintiffs and all defendants are not common to the claims. Because the plaintiffs have improperly united causes of action, the third and fourth counts must be stricken. See Practice Book 152(2).
Contrary to the defendants' contention, the fifth count is properly united with the claims in the first, second, and sixth counts. In the fifth count, the plaintiffs' claim the corporate veil around Z-Loda Systems Engineering, Inc. should be pierced so that personal liability can be imposed on Guenther Kuehl. This claim is connected with the subject of counts one and two (goods sold on account and unjust enrichment) and count six (unfair and deceptive trade practices).
Having concluded that the third and fourth counts must be stricken, I need not consider whether the plaintiffs have standing to bring the claims set forth in these counts. The next issue is whether the fifth count states a cause of action.
In the fifth count, the plaintiffs request the court to disregard the corporate entity and hold Guenther Kuehl liable for the debts of Z-Loda Systems Engineering, Inc. The defendants' claims with respect to the adequacy of this count are two-fold. First, the defendants claim a cause of action to pierce the corporate veil does not lie until the plaintiffs obtain a judgment against the corporation and thereafter establish that the corporation is insolvent. This assertion is clearly an incorrect statement of the law and needs no further discussion. See Angelo Tomasso, Inc. v. Armour Construction Paving, Inc., 187 Conn. 544 (1982); Zaist v. Olson,154 Conn. 563 (1967).
Secondly, the defendants claim that plaintiffs have not sufficiently alleged a cause of action for disregarding the corporate entity and imposing personal liability on Guenther Kuehl. The corporate structure can be disregarded under either the "instrumentality" rule or the "identity" rule. Angelo Tomasso, Inc. v. Armour Construction Paving, Inc., supra at 553. The instrumentality rule requires proof of control by the individual defendant, breach of a duty owed to the plaintiffs, and injury to the plaintiffs. Id. at 553. With respect to the second element, the plaintiffs must prove "that such control must have been used by the defendant to commit fraud or wrong, to perpetuate the violation of a statutory or other positive legal duty, or a dishonest or unjust act in contravention of plaintiff's legal rights . . . ." Id. at 553. The plaintiffs have not alleged that Guenther Kuehl used his control of the corporation to commit fraud or wrong, to perpetuate a violation of a legal duty, or a dishonest or unjust act in contravention of plaintiffs' legal rights. CT Page 99 Because they have not alleged such a breach, they have not adequately alleged a claim upon which relief can be granted.
The identity rule does not provide plaintiffs a basis for obtaining relief under the fifth count. "The identity rule primarily applies to prevent injustice in the situation where two corporate entities are, in reality, controlled as one enterprise. . . .". Id. at 560. Plaintiffs have not alleged in count five an equitable basis for recovery under the identity rule. Since the plaintiffs have not alleged a sufficient basis to impose individual liability under either the instrumentality rule or identity rule, the motion to strike the fifth count must be granted. See Practice Book 152(1).
In the defendant's reply brief, they have asserted grounds for striking the sixth count. Rule 154 of the Practice Book requires a party to distinctly specify the reason or reasons for each claimed insufficiency in the motion to strike. Since this rule was not followed, the additional grounds should not be considered. I have, nevertheless, reviewed the additional grounds and find them to be without merit. The plaintiffs' claim has been brought in the proper judicial district. Gen. Stat. 51-345 (E). The sixth count should not be stricken for plaintiff's failing to mail a copy of the complaint to the Attorney General pursuant to General Statutes 42-110(g)(c). The claim should not be stricken as being barred by the Statute of Limitations. The Statute of Limitations is raised by a special defense. Practice Book 116. The claim should not be stricken on the basis the plaintiffs failed to set forth an unfair or deceptive business practice. Such a practice may arise from defendants' inducing delivery of goods and services by tendering checks on which they stopped payment. The claim should not be stricken on the basis the plaintiffs have failed to allege a violation of a public interest. The public interest requirement for a private action under CUTPA was eliminated by Public Act 1984, No. 84-468, 2, which amended General Statute 42-110(g)(a). The claim should not be stricken on the basis plaintiffs have failed to allege a consumer injury. A business person can maintain a CUTPA action without showing consumer injury. McLaughlin Ford, Inc. v. Ford Motor Co., 192 Conn. 558, 567 (1984).
For the foregoing reasons, the motion to strike is granted as to Counts Three, Four, and Five. It is denied as to Count Six.
GEORGE N. THIM, JUDGE. CT Page 100